UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
APR 08 2016
CLERK

| | |
|---|---|
| LOREN C. TWO BULLS, a/k/a Loren Reyna, a/k/a Loren Two Bulls, Jr.,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIANA RIES, Senior Correctional Officer at the South Dakota State Penitentiary, official and individual capacities; LIEUTENANT BECKER, Commanding Officer at the South Dakota State Penitentiary, official and individual capacities; BOB DOOLEY, Chief Warden at the South Dakota Department of Corrections, official and individual capacities; DARIN YOUNG, Warden at the South Dakota State Penitentiary, official and individual capacities,<br><br>    Defendants. | 4:15-CV-04185-RAL<br><br><br>OPINION AND ORDER DENYING MOTION TO EXTEND AND DENYING MOTION TO AMEND |

Plaintiff, Loren C. Two Bulls ("Two Bulls"), filed a pro se lawsuit on December 2, 2015. Doc. 1. This Court dismissed his complaint, finding it did not state a viable cause of action. Doc. 10. Two Bulls now moves to amend his complaint. Doc. 16. For the reasons stated below, Two Bulls' motion to amend is denied.

## I.   PROCEDURAL BACKGROUND

On December 2, 2015, Two Bulls filed his original complaint, alleging that Brianna Ries violated his constitutional rights by threatening him with

pepper spray and taking his work shirts. Doc. 1. He brought this claim under the Federal Tort Claims Act (FTCA). *Id.* The Court construed this as a § 1983 complaint, but Two Bulls filed a motion to "shift the filing cause from § 1983 to 28 U.S.C. § 2674 Federal Tort Claims Act." Doc. 6. The Court granted that motion, but ruled that Two Bulls failed to state a claim under the FTCA because he had only named state – rather than federal – employees as defendants. Doc. 7. The Court also granted Two Bulls time to amend his complaint. *Id.* After the deadline to amend passed, the Court dismissed Two Bulls' complaint (Doc. 10), and filed a judgment against Two Bulls. Doc. 11.

On February 11, 2016, Two Bulls moved to reopen his case and extend the deadline to pay his initial partial filing fee, arguing that he was in disciplinary segregation and did not have access to materials to file his amended complaint. Doc. 13. The Court denied this motion without prejudice to Two Bulls refiling a motion with an amended complaint and paying his partial filing fee. Doc. 14.

Two Bulls paid his initial partial filing fee on March 11, 2016. He now moves to extend the time to file an amended complaint (Doc. 15), and moves to amend his complaint. Doc. 16. Two Bulls attached a proposed amended complaint. Doc. 16-1.

## II.   DISCUSSION

Two Bulls did not file a motion to reopen the case. The Court explicitly ordered him to do so if he wished to amend his complaint because a judgment

has been entered against him. Because he did not file a motion to reopen, Two Bulls' motion to extend and motion to amend his complaint are denied.

Even if this Court reopened Two Bulls' case and screened his amended complaint, it would fail to state a claim upon which relief may be granted and would be dismissed under §§ 1915A(b)(2) and 1915(e)(2)(B)(ii). Two Bulls alleges that he was discriminated against, but he does not explain how. He claims that he was retaliated against, but he does not explain what constitutional right he was exercising. He claims that defendants were deliberately indifferent to his serious medical needs, but he does not explain how they were indifferent or what his serious medical need was. Therefore, even if his case were reopened, the proposed amended complaint would have to be dismissed.

The court considers this dismissal a second "strike" for purposes of the Prison Litigation Reform Act. *See Two Bulls v. Ries et al*, 15-CV-4099 at Doc. 24. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

### III.    ORDER

Accordingly, it is

ORDERED that Two Bulls' motion for extension to submit amended complaint (Doc. 15) is denied. It is further

ORDERED that Two Bulls' motion for leave to file an amended complaint (Doc. 16) is denied. It is further

ORDERED that this action constitutes the second strike against Two Bulls for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated April 8th, 2016.

BY THE COURT:

*(signature)*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE